UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:     USDC SDNY
HEATHER GRABIN,     DOCUMENT
:     ELECTRONICALLY FILED
:     DOC #: _____
                      Plaintiff,     DATE FILED: __July 22, 2014__
:
                               12 Civ. 3591 (KPF)
                          v.                        OPINION AND ORDER

MARYMOUNT MANHATTAN COLLEGE,
                            Defendant.
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

By Opinion and Order dated June 10, 2014, the Court denied Defendant's motion for summary judgment. *See Grabin* v. *Marymount Manhattan Coll.*, No. 12 Civ. 3591 (KPF), 2014 WL 2592416 (S.D.N.Y. June 10, 2014).[1] Defendant has moved for reconsideration of that decision pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. For the reasons set forth below, the motion is denied.

## APPLICABLE LAW

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp.

---

[1] Familiarity with the facts detailed, and conclusions reached, in the Court's June 10, 2014 Opinion and Order (the "Opinion") is assumed. For convenience, Defendant's summary judgment papers will be referred to as "Def. SJ Br." and "Def. SJ Reply"; Plaintiff's summary judgment opposition as "Pl. SJ Opp." Defendant's papers in connection with this motion will be referred to as "Def. Recon. Br." and "Def. Recon. Reply"; Plaintiff's reconsideration opposition as "Pl. Recon. Opp."

2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson* v. *Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257). Such a motion should not be made to "reflexively [] reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d at 387 (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)). Above all, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

## DISCUSSION

Defendant's motion for reconsideration is not based upon any controlling decisions the Court overlooked, nor any intervening change of law. Instead,

Defendant contends that the Court "overlooked the significance" of case law discussing the *prima facie* burden Plaintiff bears in demonstrating, with supporting medical evidence, that (i) she "suffers from a physical or mental impairment" (*see* Pl. SJ Opp. 5; Opinion 25-27); (ii) she is impaired in a "major life activity" (*see* Pl. SJ Opp. 5; Opinion 27); and (iii) "her impairment 'substantially limits' the major life activity previously identified." (Def. Recon. Br. 2; Opinion 25 (citing *Weixel* v. *Bd. of Educ. of City of New York*, 287 F.3d 138, 147 (2d Cir. 2002)).

Notably, Defendant's argument on this point in its summary judgment papers differs from the argument it now advances in light of the Court's Opinion. Defendant's previous argument regarding Plaintiff's *prima facie* burden focused solely on her failure to demonstrate that a substantial life activity, which Defendant assumed to be "learning," had truly been limited, inasmuch as Plaintiff acknowledged that she attended and passed her other courses that semester. (Def. SJ Br. 4-5). Defendant advanced this argument without a single case or record citation, and failed to discuss the impact, if any, of medical evidence on Plaintiff's *prima facie* burden. In response to Plaintiff's opposition papers, Defendant conclusorily noted that Plaintiff had failed to prove that she had thalassemia, but again failed to discuss any relevant case law or to argue that Plaintiff's failure to corroborate her testimony with medical evidence was fatal to her claim. (Def. SJ Reply 6-7).

Defendant now argues that the Court should reconsider its decision because it "overlooked the significance" of decisions such as *Heilweil* v. *Mount*

3

*Sinai Hosp.*, 32 F.3d 718, 722 (2d Cir. 1994), and *Baerga* v. *Hosp. For Special Surgery*, No. 97 Civ. 0230 (DAB), 2003 WL 22251294, at *6 (S.D.N.Y. Sept. 30, 2003), both of which discuss the need for medical documentation to corroborate a plaintiff's testimony regarding whether he or she is "substantially limited" in a major life activity. (*See* Def. Recon. Br. 5). But in order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters *that were put before the Court on the underlying motion.*" *Lichtenberg* v. *Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (summary order) (emphasis added, internal citations and quotation marks omitted); *see also Henderson* v. *City of New York*, No. 05 Civ. 2588 (FB) (CLP), 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions [] in question must have been put before [the court] on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." (internal citations and quotation marks omitted)).

In point of fact, it was Defendant who "overlooked the significance" of these cases, since neither *Heilweil* nor *Baerga* was cited in Defendant's summary judgment papers. To the contrary, the Court *sua sponte* raised, and cited case law relevant to, the issue of medical documentation in the context of a plaintiff's *prima facie* burden. (*See* Opinion 26-28). Perhaps more importantly, Defendant has offered no reason for its own failure to address cases such as *Baerga* and *Heilweil*, or the cases cited in *Baerga* that Defendant appears only now to have discovered. (Def. Recon. Br. 6-7; Opinion 27 (citing

4

*Baerga* and the cases collected therein)). *See Richard Feiner & Co., Inc.* v. *BMG Music Spain*, No. 01 Civ. 0937 (JSR), 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) ("[P]laintiff is advancing new arguments without excuse as to why these argument were not raised previously, and these arguments are therefore not cognizable on a motion for reconsideration." (internal citation omitted)).

Defendant's motion for reconsideration is nothing more than an improper effort to coopt the Court's Opinion as a jumping-off point to advance new arguments and cite new case law. *See Church of Scientology Int'l* v. *Time Warner, Inc.*, No. 92 Civ. 3024 (PKL), 1997 WL 538912, at *2 ("Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" (internal citation omitted)); *see also In re Refco Capital Mkts., Ltd. Brokerage Customer Secs. Litig.*, Nos. 06 Civ. 643 (GEL), 07 Civ. 8686 (GEL), 07 Civ. 8688 (GEL), 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue." (internal citation omitted)). Defendant's motion fails, therefore, because it merely cites new case law and advances new arguments that it failed to cite or advance in its summary judgment papers. *See Wiesner* v. *321 W. 16th St. Assocs.*, No. 00 Civ. 1423 (RWS), 2000 WL 1585680, at *4 (S.D.N.Y. Oct. 25, 2000) ("Plaintiffs' motion for reconsideration is denied because the Plaintiffs raise new arguments and cite to case law not previously put before the

5

Court."); *Hunt* v. *Enzo Biochem, Inc.*, No. 06 Civ. 0170 (SAS), 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." (internal citation and quotation marks omitted)).

Defendant's argument also fails on the merits, because the Court simply did not "overlook[] the significance" of the relevant case law. The Court's discussion of the issue in the Opinion is itself evidence of that fact. (*See* Opinion 26-28). The Opinion also accords with the Second Circuit's admonition that a plaintiff's burden at the *prima facie* stage is minimal: "After the ADA Amendments Act of 2008 the EEOC clarified that '[t]he term "substantially limits" shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA' and 'is not meant to be a demanding standard.'" *Parada* v. *Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 69 n.3 (2d Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(i)).

As the Opinion highlighted in great length, Plaintiff gave specific and detailed testimony as to her history of thalassemia, and the limitations that it and its concomitant symptomology place on her daily life; her testimony was not internally inconsistent, nor was it contradicted in this respect by other evidence in the record. *See Baerga*, 2003 WL 22251294, at *5-6 (discounting plaintiff's testimony regarding his physical limitations where his testimony was unsupported by contemporaneous psychiatric evaluations); *Heilweil*, 32 F.3d at 723 (discounting plaintiff's testimony regarding her day-to-day functioning

6

where it was contradicted by other evidence in the record, including her own deposition testimony); *Ragusa* v. *Malverne Union Free Sch. Dist.*, 381 F. App'x 85, 88 (2d Cir. 2010) (summary order) (affirming district court finding that plaintiff failed to meet *prima facie* burden, where neither medical evidence nor her own testimony established a substantial impairment); *cf. Graham* v. *Three Vill. Cent. Sch. Dist.*, No. 11 Civ. 5182 (JFB), 2013 WL 5445736, at *14 (E.D.N.Y. Sept. 30, 2013) ("Here, by her own words, plaintiff acknowledges that she has been able to perform the identified major life activities without issue; therefore, it is difficult — if not impossible — for the Court to determine whether or how plaintiff's alleged impairment limited her abilities to perform these acts 'as compared to most people in the general population.'" (quoting 29 C.F.R. § 1630.2(j)(1)(ii))).[2]

---

[2]  Several courts within this Circuit have deemed a plaintiff's testimony to be sufficient evidence or record of a disability. *See, e.g.*, *Behringer* v. *Lavelle Sch. for Blind*, No. 08 Civ. 4899 (JGK), 2010 WL 5158644, at *9 n.9 (S.D.N.Y. Dec. 17, 2010) ("Written records support the plaintiff's testimony, but *she is also able to rely upon her testimony to establish a record of an impairment*." (emphasis added) (citing *Pace* v. *Paris Maint. Co.*, 107 F. Supp. 2d 251, 260-61 (S.D.N.Y. 2000))). And while many courts require a plaintiff to corroborate her testimony regarding substantial limitations with medical evidence, not all do. *Compare Johnson* v. *St. Clare's Hosp. & Health Ctr.*, No. 96 Civ. 1425 (MBM) (AJP), 1998 WL 236235, at *7 (S.D.N.Y. May 13, 1998) ("To satisfy the first prong of the test for handicap, Johnson has offered some medical evidence that he is a 'recovering alcoholic' who is 'alcohol dependent.' Medical testimony is necessary to support such a claim."), *aff'd*, 175 F.3d 1008 (2d Cir. 1999), *with Pace*, 107 F. Supp. 2d at 260-61 ("However, neither the ADA nor the EEOC regulations thereunder mention the necessity of medical evidence to establish a 'record.' Moreover, aside from Magistrate Judge Peck's decision in *Johnson,* no federal court appears to have addressed the question whether medical evidence is required to establish a record of [a disability]. While adoption of such a requirement could provide a tool for courts to dispose of specious claims brought under the ADA, it could also, in certain instances, force dismissal of otherwise legitimate claims. Pace's testimony, while possibly 'self-serving,' is admissible evidence, and, under a summary judgment standard, sufficient to establish a record of a disability here."), *aff'd*, 7 F. App'x 94 (2d Cir. 2001) (summary order); *Capobianco* v. *City of New York*, 422 F.3d 47, 58 (2d Cir. 2005) (crediting a plaintiff's sworn statements as evidence that his disability substantially affected a major life activity).

Other courts within this Circuit have also considered (or reconsidered) the need for medical corroboration of a plaintiff's testimony in light of the recent ADA amendments. *See, e.g., Kravtsov* v. *Town of Greenburgh*, No. 10 Civ. 3142 (CS), 2012 WL 2719663, at *10 (S.D.N.Y. July 9, 2012) ("In enacting the ADA, Congress intended to provide 'broad coverage' for individuals with disabilities, and in enacting the ADAAA in 2008, [it] rejected Supreme Court precedent in *Toyota Motor Mfg.* v. *Williams*, 534 U.S. 184 (2002), as 'intepret[ing] the term 'substantially limits' to require a greater degree of limitation than was intended,' and, therefore, such determinations may be made without regard to scientific, medical, or statistical analysis or the ameliorative effects of mitigating measures." (citing, *inter alia*, 29 C.F.R. § 1630.2(j)(1)(iv))); *see also Willoughby* v. *Connecticut Container Corp.*, No. 3:11-CV-00992 (CSH), 2013 WL 6198210, at *9 n.2 (D. Conn. Nov. 27, 2013) (citing *Kravtsov* in concluding that "to the extent Defendant also contends that Plaintiff has not presented the Court with adequate medical evidence of his diabetes-related limitations, and therefore cannot survive a motion for summary judgment with respect to the question of whether he has a disability under the ADA, the Court disagrees").

In addition to her sworn testimony regarding her symptoms and limitations, Plaintiff also testified to the existence of a number of specific medical records corroborating that testimony; the Court noted in the Opinion that Plaintiff's failure to produce these records could be "fatal" to her claims, and notes here that the evidence that is currently in the record may well be

insufficient to carry the day at trial. But as a result of Plaintiff's consistent testimony, and in light of the "woefully inadequate" and facially deficient record submitted by both parties in connection with the summary judgment motion, the Court determined that Plaintiff's testimony sufficiently raised material issues of fact to foreclose summary judgment. *See Chambers* v. *TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) ("If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." (internal citation omitted)); *Kravtsov*, 2012 WL 2719663, at *11 ("Under post-ADAAA standards, Plaintiff has created questions of material fact for a jury to decide. Crediting Plaintiff's evidence as true and giving him all reasonable inferences, a jury could easily find, based on his description of his impairment, that he is substantially limited compared to most people in the general population at least in his ability to eat and the functioning of his digestive and bowel systems."). In sum, Defendant has offered no controlling law the Court overlooked that could in any way be "expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Its motion for reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate Docket Entry 68.

Trial in this matter is scheduled for October 6, 2014. Particularly after reviewing the record in connection with the motions for summary judgment

and for reconsideration, the Court believes even more strongly that justice for both sides is best achieved with a pretrial resolution of this matter.

Accordingly, the parties are hereby ORDERED to engage in at least two hours of good-faith settlement discussions between today and September 8, 2014, and are further ORDERED to advise the Court on or before July 29, 2014, whether those discussions would be aided by the involvement of either the undersigned or the Magistrate Judge assigned to this case.

SO ORDERED.

Dated: July 22, 2014
     New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge